ROBERT CUBIT V. THE STATE.

No. 15287.   Delivered June 1, 1932.
Rehearing Denied December 7, 1932.
Reported in 54 S. W. (2d) 535.

The opinion states the case.

*C. J. Williamson,* of Lockhart, and *Henry Faulk,* of Austin, for appellant.

*Fred L. Blundell,* District Attorney, of Lockhart, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed G. W. Mann by stabbing him with an ice pick.

Deceased ran a small store in a section of the town of Luling

occupied by negroes. Witnesses for the state testified that between 12 and 1 o'clock on the night of May 13, 1931, they heard someone in the direction of deceased's store cry out: "Oh! Oh! Help! Help!" That immediately after hearing these cries they heard a noise along the highway which sounded like feet striking on the gravel road; that they looked in the direction of the highway and saw a man coming through a fence. An investigation of deceased's premises shortly after this noise was heard disclosed that the door of the store was open, and that deceased was lying on his face in a ditch in front of his store. Upon being turned over, deceased gasped twice, and died. There was an ice pick seven or eight inches long sticking "clear to the handle" in the breast of deceased just over the heart. Willie Lee Woodson, a witness for the state, testified that on the night before deceased was killed he saw appellant, Willie Ray Autrey, and Louis Rogers in a cafe near deceased's place of business; that appellant stated to him, in the presence of Autrey and Rogers, that they needed some money, and asked the witness if deceased had any money in his place of business, and, if so, where he kept it; that he stated to appellant that he did not know whether deceased had any money, and guessed if he did have any he kept it in his pocket; that the parties asked him to accompany them to deceased's place of business, and he refused; that on the same occasion appellant asked one Dora Bell Chambers if he could borrow her pistol as he wanted to use it in robbing deceased. The witness testified, further, that on the night deceased was killed he was again at the cafe and saw appellant, Louis Rogers and Willie Ray Autrey sitting together on a bench in front of the cafe. He said he could not understand what they said, but that they were talking to each other. Dora Bell Chambers testified that appellant tried to borrow a pistol from her. It appears from the testimony that deceased was killed between 12 and 1 o'clock. State's witness Gant, who was an employee of the highway department, testified that he passed deceased's place of business in an automobile about 12 o'clock on the night of the homicide, and saw appellant and another negro standing in front of deceased's store. It appears, further, from the testimony of state's witnesses, that deceased, shortly before he was killed, had some money in a certain part of his store, and also in a purse which he carried in his pocket. After the homicide a search of the store and of the body of deceased failed to disclose any money. To this point the testimony we have detailed came from non-accomplice witnesses.

Willie Ray Autrey, an accomplice witness, testified, in substance, as follows: On the night before the homicide he was with appellant and Louis Rogers in a cafe near the store of deceased. On this occasion he and Rogers talked about robbing deceased. On the following night they met at the cafe, and later, pursuant to an agreement, went to deceased's store between 12 and 1 o'clock for the purpose of robbing him. He remained outside while appellant and Rogers entered the store. While he was watching, appellant and Rogers came out with deceased between them. Deceased was scuffling and crying for help, and, becoming frightened, he (the witness) ran away from the store. As he ran he looked back and saw appellant and Rogers running across the highway in the direction of a nearby house. This witness gave substantially the same testimony as did the witness Willie Lee Woodson touching the conversation had with Woodson on the night preceding the homicide, in which appellant asked Woodson whether deceased had any money, and requested Woodson to aid them in robbing deceased.

Testifying in his own behalf, appellant denied that he had any connection with the robbery and murder of deceased. He declared that he was at the home of a relative at the time the homicide was committed, where he remained until the next day, and knew nothing about the killing. Further, he denied that he had any conversation with the witness Woodson, in which he asked him if deceased had any money in his place of business. He said further that he had made no effort to borrow a pistol from Dora Bell Chambers.

Witnesses for the state testified, in rebuttal, that they saw appellant at the depot in Luling with Louis Rogers between 2 and 3 o'clock in the morning, which was approximately two hours after deceased was killed. This testimony was offered by the state for the purpose of meeting the testimony of appellant that he was at the home of a relative during the night the homicide occurred.

We are unable to reach the conclusion that the accomplice witness was not sufficiently corroborated. The law forbidding a conviction upon the uncorroborated testimony of an accomplice does not demand that there be direct evidence pointing to the accused as the offender, but merely requires that there be other evidence tending to connect the accused with the offense committed. Article 718, C. C. P.; Minor v. State, 108 Texas Crim. Rep., 1, 299 S. W., 422, 429. We quote from Minor v. State, supra, as follows: "Circumstances proved by

credible witnesses may be as potent as direct testimony in tending to connect the accused with the commission of the offense. The state is not called upon to point to some single or isolated fact which in itself, unrelated to other proven facts, will be sufficient corroboration. It is the combined and cumulative weight of the evidence furnished by nonaccomplice witnesses which supply the test. If by this rule it appears on appeal that before the jury there was proof confirming the testimony of the accomplice to material facts tending to connect the accused with the commission of the offense, the law is satisfied." Considering the combined and cumulative weight of the evidence furnished by nonaccomplice witnesses, the opinion is expressed that there was before the jury proof confirming the testimony of the accomplice to material facts tending to connect appellant with the commission of the offense.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges the insufficiency of the testimony to corroborate that of the accomplice Autrey. We have again reviewed carefully the testimony in view of the extreme penalty given appellant by the jury. The only test of corroboration, under our practice, is whether the facts and circumstances, independent of the testimony of the accomplice, tend to connect this particular accused with the commission of the crime charged. But one answer to this query seems possible under the testimony. A witness testified that on the night before the killing this appellant and two others wanted him (witness) to go with them and rob deceased. The same witness further testified that on the night of the killing and near midnight he saw the same three parties who had been discussing the robbery of deceased, at the same colored restaurant where he had talked the matter over with them the night before; he having declined to take part in the robbery. Another witness testified that at about midnight he saw appellant with another standing immediately in front of the little store of deceased. The accomplice witness, who was keeping watch while the two others perpetrated the robbery, testified that after appellant went into the store of deceased he saw appellant and the other man struggling with deceased in front of the

store and heard deceased call for help. A state witness who lived immediately across the street from said store testified that he was aroused by hearing deceased call for help, and that he went over to the store and found deceased nearby with an ice pick thrust through his heart. These are not all but merely some of the corroborative facts. There seems no doubt but that they tend to connect appellant with the crime charged. We find nothing in any other contention made in the motion, which would seem to call for discussion.

The motion for rehearing is overruled.

*Overruled.*